Filed 10/11/22 P. v. Worthy CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079047 |
| v. | (Super.Ct.No. FWV17003997) |
| CARMEN NICOLE WORTHY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Ingrid Adamson Uhler, Judge. Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Carmen Nicole Worthy appeals from a trial court's order denying her petition for resentencing under Penal Code section 1170.95. For the reasons forth *post*, we affirm the court's order.

1

## STATEMENT OF THE CASE

On May 10, 2018, a first amended information charged defendant and her codefendant John Corey Broyles with one count of murder (Pen. Code, §187, subd. (a)) for killing the victim. On May 30, 2018, a jury found "defendant Guilty as to Count 001, PC 187(A)-F: Murder." On July 26, 2018, the trial court sentenced defendant to 25 years to life.

Defendant appealed from her underlying conviction. While her direct appeal was pending, defendant filed a petition for resentencing under Penal Code section 1170.95. The trial court found defendant ineligible for relief. Defendant appealed from the trial court's denial of her motion for resentencing.

On April 7, 2020, we issued an unpublished opinion on the direct appeal in *People v. Broyles* (April 7, 2020, E071002) [nonpub. opn.]. We found that "the trial court erroneously instructed the jury [regarding deliberation and premeditation] such that it believed it could find [defendant] guilty of first degree murder without finding that she acted with deliberation." After reviewing the record in the case, however, we stated ' "that it would have been 'virtually impossible' " ' for [defendant] to have acted ' "without at least a brief period of deliberation and premeditation." ' We, therefore, concluded that the "evidence established beyond a reasonable doubt that a rational jury would have found that [defendant] aided and abetted Broyles in the murder of [the victim] willfully, deliberately, and with premeditation."

On May 19, 2021, we issued an unpublished opinion on defendant's appeal from the denial of her motion for resentencing in *People v. Worthy* (May 19, 2021, E076125) [nonpub. opn.]. We found, "[h]ere, the trial court correctly concluded that [defendant] was statutorily ineligible for relief [under Penal Code section 1170.95] as a matter of law based on the record of conviction." Therefore, we affirmed the trial court's order denying defendant's petition for resentencing under Penal Code section 1170.95.

On March 21, 2022, defendant filed another petition for resentencing. On April 5, 2022, the prosecutor filed a "Notice of Motion and Motion to Strike the Defendant's Petition for Resentencing; Request for Judicial Notice" to which it attached our two prior opinions. On April 8, 2022, the trial court summarily denied defendant's petition.

On May 18, 2022, defendant filed a notice of appeal.

## FACTUAL HISTORY[1]

In March 2000, defendant was living with her cousin, the victim. Defendant called the victim's mother (defendant's aunt) and complained that the victim was "cutting the weed" and had not been "bringing what he's supposed to be bringing." Defendant sounded "[a]gitated" and "aggressive." Defendant's aunt thought the call was "very unusual" because she had not heard from defendant "in a long time." Defendant's aunt "cut [the conversation] real short" because she did not like defendant's "attitude and her way of talking" and told defendant that she would talk to the victim.

---

[1] The factual background is taken from this court's nonpublished opinion from Worthy's direct appeal in case No. E071002. (*People v. Broyles*, *supra*, E071002.)

3

Around the same time, C.D., who was 15 years old at the time, overheard defendant say to Broyles something to the effect that she knew someone with "some money coming in" and that she "wanted him dead" and "wanted somebody to do it."

Sometime in the next few days, Broyles left defendant's apartment with the victim. Later that evening, Broyles entered defendant's apartment and said he "did it." Defendant responded, " 'Are you for real?' " " 'Oh, my God.' "

Defendant, C.D., and Broyles went outside to the victim's car. Broyles opened the trunk, and the victim was inside. Broyles said he shot the victim in the head using a shampoo bottle as a silencer. Broyles and defendant's boyfriend also "had to beat [the victim] up to put him in the trunk" because "he didn't die right off the bat." The victim then made a "loud snoring noise," so Broyles told defendant to go get knives. Defendant returned with two knives and handed one to Broyles. Broyles stabbed the victim several times, including once in the neck like he was trying to "cut off [the victim's] air circulation." C.D. saw defendant "thrusting" the knife at the victim, but he was not sure whether she stabbed the victim. The victim stopped making noises. Defendant and Broyles then discussed "what they were going to do with the body and how they were . . . going to do it."

Broyles, his brother, and C.D. drove to the mountains to dispose of the victim's body. Broyles parked the car on a dirt road. C.D. tried to help Broyles lift the victim's body from the trunk, but they could not lift it. Broyles and his brother successfully lifted the victim's body from the trunk and threw it down a hill. Broyles asked C.D. to hit the

4

victim's teeth out with a hammer, but C.D. refused. Broyles poured gas on the body and set it on fire. They then left the scene.

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

1. "Did the record justify the trial court's denial of appellant's petition for resentencing?"

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Kelly*, at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

5

**DISPOSITION**

The trial court's denial of defendant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                    J.

We concur:

RAMIREZ _____
                    P. J.

SLOUGH _____
                J.